IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KOHLER CO.,                              )
                                         )
                                         )
                        Plaintiff,       )      Civil Action No. 17-cv-04233
                                         )
        v.                               )      **COMPLAINT**
                                         )
BOLD INTERNATIONAL FZCO and              )
ROCELL BATH LIMITED,                     )      **JURY TRIAL DEMANDED**
                                         )
                                         )
                        Defendants.      )

## COMPLAINT

Plaintiff Kohler Co., by and through its attorneys, files this Complaint against Defendants

Bold International FZCO and Rocell Bath Limited (collectively, "Defendants"), alleging as

follows:

## NATURE OF THE ACTION

1.      This action arises from Defendant Bold International's recent entry into the U.S.

market with goods advertised, displayed, and sold under its applied-for BOLD trademark, which

is confusingly similar to and infringes Kohler's well-known BOLD family of trademarks.  The

goods are the same, as are the channels of trade and the class of consumers.  Bold International

brazenly entered the U.S. market despite Kohler's earlier opposition to its use of BOLD in

international fora, and failed to respond to Kohler's cease and desist letter regarding use in U.S.

commerce.  Bold International magnifies the willfulness of its infringement by proceeding in the

face of its failure in the USPTO; its U.S. application for BOLD has been refused registration and

is suspended owing to likely confusion cited by the USPTO examiner – likely confusion with

Kohler's registered BOLD trademarks and pending BOLD application.

2.     Defendant Rocell Bath, whose principal is affiliated with or employed by Bold International, and, upon information and belief, directed and controlled in whole or part the unlawful activities alleged herein, sells Bold International's goods from its warehouse in Briarwood, New York.

3.     Together, Defendants' use of the applied-for BOLD trademark has caused, and will continue to cause, irreparable harm to Kohler's commercial and economic interests. Kohler's efforts to amicably resolve the matter have been ignored, leaving it no choice but to seek relief from this Court.  Accordingly, Kohler seeks injunctive relief and damages for harm that has been and will continue to be caused by Defendants' use of BOLD.  Defendants' acts constitute violations under Sections 32(1) and 43(a) of the Lanham Act, including trademark infringement, 15 U.S.C. § 1114, and false designation of origin, 15 U.S.C. § 1125(a)(1)(A); dilution under New York General Business Law § 360-l; and trademark infringement and unfair competition under New York common law.

## THE PARTIES

4.     Plaintiff Kohler Co. ("Kohler") is a Wisconsin corporation having its principal place of business at 444 Highland Drive, Kohler, WI 53044.

5.     On information and belief, Defendant Bold International FZCO is a corporation organized under the laws of the United Arab Emirates with a principal place of business located at Office No. TC2, Blue Sade Building, Jebel Ali Free Zone (South), Dubai, United Arab Emirates and regularly does and/or transacts business in this District.

6.     On information and belief, Defendant Rocell Bath Limited is a New York domestic business corporation with its principal place of business at 149-17 85th Drive, Briarwood, NY 11435 and regularly does and/or transacts business in this District.

2

## JURISDICTION AND VENUE

7.     Kohler's claims are based on violations of the Lanham Act, 15 U.S.C. § 1051-1127, et seq., New York General Business Law Section 360-l, , and trademark infringement and unfair competition under the common law of New York.

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 with respect to the claims arising under the Lanham Act, and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) with respect to the claims arising under New York law.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

**Kohler's Business**

10.     Kohler was founded in 1873 by an Austrian immigrant.  In 1883, Kohler developed a unique process for coating metal vessels with enamel, thereby creating its first bathtubs and entering the plumbing business.

11.     In 1926, Kohler first marketed its novel "Electric Sink" – part sink, part dishwasher.  Then, in 1929, Kohler's unique black plumbing fixtures were recognized by New York City's Metropolitan Museum of Art where they were displayed as an exhibit.

12.     When the U.S. entered World War II, Kohler transformed its production capacity to focus largely on supporting the war effort, making torpedo tubes, shell fuses, and other military components.  Plumbing fixtures were adapted for war housing, hospitals, and the military.

13.     At the end of the war, Kohler switched back to household-focused production, in part to accommodate the millions of service personnel returning to the U.S. and purchasing homes.

14.     In 1965, Kohler introduced bathroom fixtures in vibrant colors, moving away from the pastels that had dominated the market since the 1920s.

15.     Kohler first introduced its now famous tagline, THE BOLD LOOK OF KOHLER, in 1967.  Through this tagline, which endures today, Kohler sought to highlight its boldly colored products.

16.     In 1969, the same year Kohler provided precision controls for the Apollo mission to the Moon, Kohler began manufacturing shower and bath/shower combinations made from fiberglass-reinforced plastic.  These fixtures and walls were manufactured in one piece for functionality and attractiveness.

17.     Kohler's concern for the environment precipitated its introduction of low-consumption faucets, showerheads, and toilets in 1974.

18.     Kohler launched its first whirlpool bath line in 1977.  These whirlpool baths were the first in the industry to be offered in colors that matched other KOHLER® fixtures.  Within two years, Kohler's line of whirlpool baths became the largest in the U.S.

19.     In 1985, Kohler opened its 36,000 square-foot Kohler Design Center for the purpose of showcasing the dramatic design of KOHLER® kitchen and bath fixtures.

20.     Kohler has remained in the vanguard of bath and kitchen design, introducing numerous innovative products in the U.S. market, including the award-winning SOK® overflowing bath, DTV® Custom Showering Experience, KARBON® kitchen faucet, and NUMI®, Kohler's most advanced toilet.

4

21.     Today, Kohler makes a variety of faucets, sinks, bar sinks, utility sinks, and accessories for the kitchen.  For the bathroom, Kohler manufactures and sells numerous products, including sink faucets, sinks, toilets, toilet seats, showerheads, rainheads, shower columns, shower walls and doors, soaking baths, air baths, walk-in baths, combination baths, and whirlpools.

**Kohler's Trademarks**

22.     Capitalizing on the success of its THE BOLD LOOK OF KOHLER tagline, Kohler sought official U.S. trademark protection for the mark in 1979 on a Section 1(a) basis. As a result, in 1980 Kohler obtained U.S. Registration No. 1137310 for the THE BOLD LOOK OF KOHLER mark in International Class 11 in connection with "plumbing fixtures and fittings for use with plumbing fixtures, and parts therefor."

23.     Kohler has expended considerable time, resources, and effort promoting its THE BOLD LOOK OF KOHLER mark and variations thereof (the "Kohler BOLD Marks") throughout the United States and around the world.  As a consequence of the extensive advertising, promotion, and use of the Kohler BOLD Marks, Kohler has developed enormous recognition for its goods and services under the marks and has acquired and enjoys a valuable reputation and tremendous goodwill under them.  Moreover, as a result of these efforts, the Kohler BOLD Marks are well known to the consuming public, distinctive, and have acquired secondary meaning designating Kohler as the source of the excellent goods and services it provides.

24.     To further protect its rights in its THE BOLD LOOK OF KOHLER mark, Kohler acquired the domain name theboldlookofkohler.com in 2001.

25.     To protect the goodwill in and high value of the Kohler BOLD Marks, Kohler has

obtained U.S. trademark registrations ("BOLD Registrations") for the Kohler BOLD Marks as

follows:

| Mark | Registration No. | Filing Date | Relevant Goods |
|---|---|---|---|
| THE BOLD LOOK OF KOHLER | 1137310 | 01/22/1979 | "Plumbing fixtures and fittings for use with plumbing fixtures, and parts therefor" in IC 11; first use in commerce: 12/06/1978 |
| BOLD. PERFORMANCE. | 3890954 | 07/29/2009 | "Toilets and toilet tanks" in IC 11; first use in commerce: 03/31/2010 |
| BOLD. POWER. | 3901466 | 07/29/2009 | "Toilets; toilet tanks; toilet bowls" in IC 11; first use in commerce:  10/31/2009 |
| BOLD. DESIGN. | 3927382 | 07/29/2009 | "Toilets; toilet bowls; toilet tanks" in IC 11; first use in commerce:  10/31/2009 |
| BOLD. CONSERVATION. | 3982059 | 07/29/2009 | "Shower heads; hand-held shower heads; toilets" in IC 11; first use in commerce: 11/30/2010 |
| BOLD. STYLE. | 3986327 | 07/29/2009 | "Lavatories; lavatory pedestals; pedestal lavatories; sinks" in IC 11; first use in commerce: 01/31/2010 |
| BOLD. DURABILITY. | 4049785 | 09/17/2009 | "Bathtubs; toilet seats; sinks" in IC 11; first use in commerce:  03/31/2011 |
| BOLD. EXPERIENCE. | 4092003 | 10/18/2010 | "hand-held showers; showerheads" in IC 11; first use in commerce: 06/30/2010 |
| LIVE BOLD | 4298967 | 10/20/2011 | "Faucets; faucet handles; shower heads; hand-held shower heads; showers and shower installations; bath spouts; plumbing fixtures and fittings, namely, water control valves, valve trim and valve handles" in IC 11; first use in commerce:  04/30/2012 |

26.     Attached hereto as Exhibit A are copies of the certificates of registration and print outs from the United States Patent and Trademark Office online database showing the current trademark status, assignment history, and, where applicable, the most recent notice of acceptance for each of Kohler's BOLD Registrations.

27.     As can be seen, each of Kohler's BOLD Registrations is valid, subsisting, and in full force and effect.  Registration Nos. 1137310 and 3901466 are incontestable under Lanham Act Section 15, 15 U.S.C. § 1065.

28.     In addition, Kohler filed an application for BOLD, U.S. Trademark Application Serial No. 86411891 ("Kohler BOLD Application"), on October 1, 2014, on an intent-to-use basis.  The BOLD Application identifies the following Class 11 goods:

> Bathtubs; whirlpool baths; showers and shower installations, namely, shower receptors; shower and bath cubicles; shower heads; shower doors; water diverters for showers and baths; bathtub spouts; bidets; lavatories; sinks; pedestals, namely, sink pedestals and lavatory pedestals; toilets; toilet bowls; toilet seats; water cisterns, namely toilet tanks; urinals; touchless flushing apparatus, namely, touchless water control valve; lighting fixtures; taps; faucets; water control valves for faucets; touchless faucets; plumbing supplies, namely sink strainers an urinal strainers; and drinking fountains.

The BOLD Application also identifies the following services in Class 35:

> Retail store services in the field of bathroom and kitchen products, namely, plumbing fixtures and faucets, furniture, tile, stone, cabinetry, electric lighting fixtures, hardware, and accessories; and computerized online retail store services in the field of bathroom and kitchen products, namely, plumbing fixtures and faucets, furniture, cabinetry, electric lighting fixtures, hardware, and accessories.

29.     Recently, Kohler filed an application for BOLD. DESIGN., U.S. Trademark Application Serial No. 87410910 ("BOLD. DESIGN. Application"), on April 13, 2017, on a Section 1(a) basis, with January 31, 2010, as the date of first use in commerce.  The BOLD. DESIGN. Application identifies the following Class 20 goods:

Medicine cabinets.

**Bold International's Business**

30.    Defendant Bold International was founded in 2011.

31.    According to its website at mybold.com, Bold International sells, among other things, water closets (toilets), wash basins (sinks), pedestal basins, mixers (faucets), hand shower kits, shower heads and sets, vanities and mirrors, bathroom accessories and fittings, tubs, "jacuzzis," shower cubicles, and foot washers.

32.    On November 4, 2015, Bold International filed a trademark application in the

United States for the BOLD design mark, **bold**, U.S. Trademark Application Serial No. 86809546 ("Bold International BOLD Application"), on a Section 1(b), intent-to-use basis.

33.    The Bold International BOLD Application identifies the following goods in Class 11:

>    Apparatus for water supply and sanitary purposes, namely, water filters, water heaters, pipes being parts of sanitary facilities; bathroom fittings, namely, lighting fixtures; sanitary ware, namely, toilets, toilet bowls, sinks, showers; faucets; plumbing fittings, namely, valves; baths; foot washers in the nature of portable foot baths; foot baths; foot spas, namely, portable foot baths for use in pedicure salons and day spas; bath plumbing fixtures and fittings, namely, faucets, tub and shower faucets, shower heads, faucet aerators, spouts, drains, valves, toilet tanks, toilet tank balls and floats, flush valves; water taps; showers; shower heads; water jet nozzles for bathtubs and showers; parts and fittings for the aforesaid goods; non-metal bathroom hardware, namely, shower curtain rods, shower curtain hooks, shower curtain rings, non-metal bathtub and shower grab bars.

In addition, the Bold International BOLD Application identifies related goods in Classes 6 and 21 and related retail store services in Class 35.

8

34.     In March of 2016, the USPTO examiner issued an office action against the Bold International BOLD Application.  Specifically, the examiner refused registration because of a likelihood of confusion under Lanham Act Section 2(d), 15 U.S.C. § 1051(d).  (Exhibit B.)  The registered trademarks forming the basis of the examiner's likelihood of confusion were those of Kohler - specifically:

> THE BOLD LOOK OF KOHLER; BOLD. DESIGN.; BOLD. PERFORMANCE.;
> BOLD. POWER.; BOLD. CONSERVATION.; BOLD. STYLE.; BOLD.
> DURABILITY.; BOLD. EXPERIENCE.; and LIVE BOLD.

35.     According to the examiner, "[w]hile the applied-for mark includes a design element, this slight difference does not obviate the confusing similarity between the marks."

36.     Subsequently, the examiner issued a suspension notice, citing Kohler's BOLD Application and noting that if Kohler's BOLD Application registers, the Bold International BOLD Application may be refused on an additional ground of likelihood of confusion.  (Exhibit C.)  The Bold International BOLD Application remains suspended.

**Kohler Successfully Asserts Its International Trademark Rights Against Bold International**

37.     Kohler has asserted its rights in the Kohler BOLD Marks against Bold International in fora around the world.

38.     For example, in 2011 Bold International filed in the Office for Harmonization in the Internal Market ("OHIM"), now the European Union Intellectual Property Office ("EUIPO"), an application for BOLD in classes 6, 11, and 35.  (Exhibit D.)

39.     The goods and services identified were substantially the same as those identified in the now suspended U.S. Bold International BOLD Application described in Paragraphs 33-34 above.

40. On the basis of likelihood of confusion with its pre-existing rights in THE BOLD LOOK OF KOHLER and LIVE BOLD, Kohler filed an opposition against the Class 11 goods identified in Bold International's OHIM application.  (Exhibit E.)

41. OHIM ruled in favor of Kohler, finding that, "given the degree of similarity of the marks and the identity of some of the goods," there was likelihood of confusion.  (Exhibit F.)

42. After Bold International's application proceeded to registration, Kohler filed in 2016 a cancellation action against Bold International's BOLD registration in the remaining Classes 6 and 35, alleging likelihood of confusion with Kohler's existing rights in LIVE BOLD.

43. On June 9, 2017, EUIPO again ruled in favor of Kohler, cancelling Bold International's EU Trade Mark No. 10385979 in its entirety.  (Exhibit G.)  The tribunal concluded that there was a likelihood of confusion between Bold International's BOLD mark and Kohler's pre-existing rights in LIVE BOLD.

**Kohler Discovers Bold International's Entry Into U.S. Commerce**

44. In January 2017, Kohler was an exhibitor at the Kitchen & Bath Industry Show ("KBIS") at the Orlando Convention Center in Orlando, Florida.  On its website at KBIS.COM, KBIS claims to be "the world's largest trade show dedicated to all aspects of kitchen and bath design."

45. Kohler was surprised to learn that Bold International had a booth at KBIS 2017.

46. At its booth, Bold International displayed an array of bathroom fixtures and products, including toilets, shower systems, sinks, faucets, shower heads, and the like, all under its applied-for BOLD mark.  (Exhibits H-I.)

47. Subsequent to discovering Bold International's display at KBIS 2017 in Florida, Kohler learned that Bold International was selling goods through a distributor on Amazon.com.

**Kohler Discovers That Defendant Rocell Bath Is Selling Bold International Goods**

48.     Following its discovery of Bold International's booth at KBIS 2017, Kohler learned that Bold International is selling goods, comprising at least foot washers, through Defendant Rocell Bath, its U.S. distributor.

49.     On information and belief, Rocell Bath has been selling Bold International's BOLD-branded goods in the U.S. since early 2016.

50.     On information and belief, the principal of Rocell Bath is Ajith K V Don John.

51.     On information and belief, Ajith K V Don John is an employee of Bold International.

52.     On information and belief, Rocell Bath maintains a supply of BOLD footwashers in its warehouse in Briarwood, New York, for sale in the U.S., primarily through Amazon.

53.     In addition to selling Bold International's BOLD footwashers on Amazon, Rocell Bath markets BOLD footwashers and faucets on its website at rocellbath.com.

**Bold International Fails To Respond To Kohler's Cease & Desist Letter**

54.     Seeking to protect the value of and goodwill associated with its Kohler BOLD Marks, Kohler sent to Bold International a cease and desist letter on February 22, 2017.  Bold International never responded.

55.     Defendants' failure to cease the marketing and sale in U.S. commerce of goods and services identical and highly related to those offered by Kohler under the Kohler BOLD Marks and BOLD Registrations shows willfulness and bad faith in light of the USPTO's initial refusal and suspension of the Bold International BOLD Application.

56. Defendants' bad faith is further demonstrated by Defendants' continuing U.S. sales of BOLD-branded goods following the decisions of OHIM and EUIPO, which ruled respectively that there was a likelihood of confusion between Bold International's BOLD mark and Kohler's LIVE BOLD mark.

**Defendants' Continuing And Willful Violations Of Kohler's Rights Warrant Relief**

57. Despite constructive and actual notice of Kohler's rights in the Kohler BOLD Marks, BOLD Registrations, and Kohler's BOLD Applications, Bold International and its distributor Rocell Bath continue to market, promote, offer for sale, and distribute goods under the BOLD brand.

58. Defendants' misuse of BOLD in connection with Bold International's goods and services is likely to cause confusion, to cause mistake, and to deceive the relevant public into believing that Bold International's goods originate from the same source as those of Kohler, or that Defendants are affiliated with or endorsed or sponsored or licensed by Kohler.

59. Defendants' use of BOLD in association with Bold International's goods and services has harmed and continues to harm Kohler and its rights in the Kohler BOLD Application, BOLD. DESIGN. Application, the BOLD Registrations, and the Kohler BOLD Marks, as well as the extensive and valuable goodwill accrued in the Kohler BOLD Marks.

60. And as a result of Defendants' conduct, Kohler has suffered and will continue to suffer actual damages, as well as dilution of the distinctive quality of the BOLD Marks.

61. Money damages alone cannot compensate Kohler for the loss of goodwill that has occurred and will continue to occur as a result of Defendants' infringement and dilution of the BOLD Marks.

## COUNT I
## (<u>Trademark Infringement – 15 U.S.C. § 1114</u>)

62.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 61 of this Complaint.

63.     The Kohler BOLD Marks are owned by Kohler and are valid and legally protectable.

64.     As a result of Kohler's extensive use and promotion of its Kohler BOLD Marks and its commitment to obtaining federal registrations and protecting the distinctiveness of those marks, the Kohler BOLD Marks enjoy considerable goodwill, widespread recognition, and secondary meaning in commerce that have become associated with Kohler and the goods and services it provides.

65.     Prior to their use in U.S. commerce of the BOLD mark, Defendants had actual and constructive notice of Kohler's ownership and federal registrations of the Kohler BOLD Marks.

66.     On information and belief, Defendants are willfully continuing their use of the Kohler BOLD Marks in the marketing, promotion, offering for sale, and distribution of goods with actual knowledge of Kohler's rights in the BOLD Registrations, Kohler BOLD Application, BOLD. DESIGN. Application, and Kohler BOLD Marks.

67.     The goods offered by Defendants under BOLD are identical and highly related to those offered by Kohler under the Kohler BOLD Marks and are being offered through the same channels of trade to the same class of consumers.

68.     Kohler has not consented to Defendants' use of the Kohler BOLD Marks.

69.     Defendants' unauthorized use of the Kohler BOLD Marks is likely to confuse or deceive consumers into believing that Bold International's goods are connected with, sponsored

by, licensed by, affiliated with, related to, or approved by Kohler, Kohler's goods and services, or both.

70.     Defendants' unauthorized use of the Kohler BOLD Marks is likely to cause consumers to be confused or deceived as to the source, nature, and quality of the goods Defendants offer in connection with Bold International's applied-for BOLD mark.

71.     Defendants' acts constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).

72.     The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

73.     Kohler has been, is now, and will be irreparably harmed by Defendants' acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe the Kohler BOLD Marks.

74.     There is no adequate remedy at law for the harm caused by Defendants' acts of infringement alleged herein.

75.     In addition, Defendants' violation of 15 U.S.C. § 1114(1) has caused Kohler substantial monetary damage, loss, and injury, in an amount to be determined at trial.

## COUNT II
## (False Designation of Origin – 15 U.S.C. § 1125(a))

76.     Kohler realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 75 of this Complaint.

77.     As a result of Kohler's extensive use and promotion of its Kohler BOLD Marks and its commitment to seeking federal registrations and protecting the distinctiveness of those marks, the Kohler BOLD Marks enjoy considerable goodwill, widespread recognition, and

secondary meaning in commerce that have become associated with Kohler and the goods and services it provides.

78.     Defendants' unauthorized use of the Kohler BOLD Marks falsely suggests and is likely to confuse or deceive the public into believing that their business is connected or affiliated with, sponsored by, licensed by, or related to Kohler's goods or commercial activities.

79.     Defendants' unauthorized use of the Kohler BOLD Marks, as alleged herein, constitutes federal false designation of the origin of Bold International's goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

80.     The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

81.     Kohler has been, is now, and will be irreparably harmed by Defendants' acts of falsely designating the origin of Bold International's goods and services, and, unless enjoined by the Court, Defendants will continue these acts, causing further irreparable harm.

82.     There is no adequate remedy at law for the harm caused by Defendants' acts alleged herein.

83.     In addition, Defendants' violation of 15 U.S.C. § 1125(a) has caused Kohler substantial monetary damage, loss, and injury, in an amount to be determined at trial.

**COUNT III**
**(Dilution – New York General Business Law § 360-l)**

84.     Kohler realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 83 of this Complaint.

85.     As a result of Kohler's extensive use and promotion of its Kohler BOLD Marks and its commitment to protecting the distinctiveness of and secondary meaning accrued in those marks, the Kohler BOLD Marks enjoy considerable goodwill and widespread recognition in

15

commerce, including in New York, that have become associated with Kohler and the goods and services it provides.

86.     Defendants are using the Kohler BOLD Marks to identify Bold International's goods.  Continuing unauthorized use by Defendants of the Kohler BOLD Marks will cause those marks to lose their ability to serve as unique identifiers of Kohler's goods and services. Continued use by Defendants of the Kohler BOLD Marks will injure the distinctive quality of the marks.

87.     Such use by Defendants of the Kohler BOLD Marks will therefore result in likelihood of dilution of the marks, including in New York.

88.     Defendants' acts constitute dilution in violation of New York General Business Law § 360-l.

89.     Kohler has been, is now, and will be irreparably harmed by Defendants' acts, and, unless enjoined by the Court, Defendants' acts will likely dilute through blurring the Kohler BOLD Marks.

90.     In addition, Defendants' violation of New York General Business Law § 360-l has caused Kohler substantial monetary damage, loss, and injury, in an amount to be determined at trial.

## COUNT IV
## (Trademark Infringement Under New York Common Law)

91.     Kohler realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 90 of this Complaint.

92.     Defendants' unauthorized use of the Kohler BOLD Marks has caused and will continue to cause likelihood of confusion, misunderstanding, or both as to the source, sponsorship, approval, license, or endorsement of their goods.

16

31304/000/2304517

93.     Defendants' unauthorized use of the Kohler BOLD Marks has caused and will continue to cause likelihood of confusion, misunderstanding, or both as to affiliation, connection, license, or association with or endorsement by Kohler.

94.     Defendants' unauthorized use of the Kohler BOLD Marks constitutes trademark infringement under New York common law.

95.     Defendants' violation of New York common law has caused Kohler irreparable damage, loss, and injury for which Kohler has no adequate remedy at law.

96.     Defendants' violation of New York common law will continue unless enjoined by the Court.

97.     In addition, Defendants' violation of New York trademark infringement law has caused Kohler substantial monetary damage, loss, and injury, in an amount to be determined at trial.

## COUNT V
## (<u>Unfair Competition Under New York Common Law</u>)

98.     Kohler realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 97 of this Complaint.

99.     As a result of Kohler's extensive use and promotion of its Kohler BOLD Marks and its commitment to protecting the distinctiveness of and secondary meaning accrued in those marks, the Kohler BOLD Marks enjoy considerable goodwill and widespread recognition in commerce that have become associated with Kohler and the goods and services it provides.

100.    Defendants' unauthorized use of the Kohler BOLD Marks has caused and will continue to cause likelihood of confusion, misunderstanding, or both as to the source, sponsorship, approval, license, or endorsement of their goods.

101.    Defendants' unauthorized use of the Kohler BOLD Marks has caused and will continue to cause likelihood of confusion, misunderstanding, or both as to affiliation, connection, license, or association with or endorsement by Kohler.

102.    Defendants' continued use of BOLD in U.S. commerce, despite having actual and constructive knowledge of Kohler's prior rights in the Kohler BOLD Marks, provides a strong inference of bad faith and willful misappropriation of the labors and expenditures of Kohler in establishing and protecting the rights in its Kohler BOLD Marks.

103.    Such acts comprise unfair competition under New York common law.

104.    Defendants' violation of New York unfair competition law has caused Kohler irreparable damage, loss, and injury for which Kohler has no adequate remedy at law.

105.    Defendants' violation of New York unfair competition law will continue unless enjoined by the Court.

## JURY TRIAL DEMANDED

106.    Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court grant the following relief:

A.    Entry of an order and judgment requiring that Defendants, their officers, agents, servants, employees, owners, representatives, and all other persons or entities in active concert or participation with them be permanently enjoined and restrained from (a) using in any manner the Kohler BOLD Marks, or any name or mark that wholly incorporates the Kohler BOLD Marks or is confusingly similar to or a colorable imitation of those marks, including, without limitation, Bold International's applied-for BOLD mark; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective

customers of Kohler as to the source of the goods or services offered, distributed, or marketed by Defendants or likely to deceive members of the public or prospective consumers into believing that there is some connection between Defendants and Kohler;

B.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Kohler within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to either discontinue doing business and discontinue offering or marketing goods or services bearing the BOLD mark;

C.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver for destruction or to show proof of destruction or sufficient modification to eliminate all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody or under the control of Defendants or their agents or distributors bearing the Kohler BOLD Marks in any form or manner whatever or any mark that is confusingly similar to or a colorable imitation of the Kohler BOLD Marks, both alone and in combination with other words or terms.

D.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to delete any and all information and computer files bearing any form of the Kohler BOLD Marks in any manner or any mark that is confusingly similar to or a colorable imitation of the Kohler BOLD Marks, both alone and in combination with other words or terms, including but not limited to any test or images that are hosted on the Defendants' websites or on any of the Defendants' computers, hard drives, or other storage media;

E.      A judgment ordering the transfer by Defendants of the domain name MYBOLD.COM, along with any other domain names registered by Defendants that are comprised in whole or in part of "BOLD" or any other term that is confusingly similar thereto, to Kohler;

F.      A judgment directing Defendants to account to Kohler for all gains, profits and advantages derived from Defendants' wrongful acts, pursuant to 15 U.S.C. § 1117(a) and state law.

G.      A judgment that Kohler be awarded three (3) times Defendants' profits or actual damages to Kohler from Defendants' use of the Kohler BOLD Marks, together with Kohler's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) and state law.

H.      A judgment in connection with the asserted common law claims and otherwise permitted by law, including but not limited to an award of punitive damages in favor of Kohler in an amount to be determined;

I.      A judgment that Defendants may not use or register, in any manner, BOLD or any other name or mark that incorporates, constitutes a colorable imitation of, or is confusingly similar to the Kohler BOLD Marks and that Defendant Bold International withdraw with prejudice its application in the USPTO for BOLD, U.S. Ser. No. 86809546; and

J.      A judgment granting Kohler such other and further relief as this Court deems just and proper.


**[REST OF PAGE INTENTIONALLY LEFT BLANK]**


20

Dated: New York, New York
      July 17, 2017

Respectfully submitted,

s/ Eric J. Shimanoff
Eric J. Shimanoff
Midge M. Hyman
Ryan Ghiselli
**COWAN LIEBOWITZ & LATMAN, P.C.**
114 West 47th Street
New York, New York 10036
Telephone: (212) 790-9200
Facsimile: (212) 575-0671
ejs@cll.com
mmh@cll.com
ryg@cll.com


Christopher B. Lay (*Pro Hac Vice* Forthcoming)
Angela S. Kalsi (*Pro Hac Vice* Forthcoming)
**IPHORGAN LTD**
195 Arlington Heights Rd., Suite #125
Buffalo Grove, Illinois 60089-1768
Telephone: (847) 808-5500
Facsimile: (847) 808-7238
clay@iphorgan.net
akalsi@iphorgan.net

*Attorneys for Plaintiff Kohler Co.*

31304/000/2304517