IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KOHLER CO., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-04233-LDH-RLM |
| | ) | |
| v. | ) | |
| | ) | **RESPONSE TO ORDER TO** |
| BOLD INTERNATIONAL FZCO and | ) | **SHOW CAUSE** |
| ROCELL BATH LIMITED, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kohler Co. ("Kohler"), by and through its undersigned attorneys, respectfully submits this Response to the Court's Order to Show Cause dated March 16, 2018 (Dkt.#25) ("OSC") seeking further information and argument concerning service on defendant Bold International FZCO ("Bold"). As set forth herein, Kohler properly served the summons and complaint in this action on Bold: (1) in the United Arab Emirates ("UAE") pursuant to Fed. R. Civ. P. ("Rule") 4(h) & 4(f)(2)(A) as prescribed by the UAE's law for service in that country in an action in its courts of general jurisdiction; and (2) under Rule 4(h)(1)(A)&(B) and N.Y. C.P.L.R. ("CPLR") 311 by personally serving Bold's managing or general agent in this District.

## I.      Bold Was Properly Served in the UAE

Service outside the United States of the summons and complaint on a corporation is governed by Rule 4(h)(2):

> Unless federal law provides otherwise . . . a . . . foreign corporation . . . must be served:
>
> > . . . (2)  at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Rule 4(f) (excluding(f)(2)(C)(i)) authorizes service outside the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

> (C) unless prohibited by the foreign country's law, by:

>> . . . (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The UAE is not a signatory to the Hague Convention so Rule 4(f)(1) is inapplicable to the instant suit. *See Henning v. Arya*, 2016 U.S. Dist. LEXIS 97425, at *11 n.4 (D. Nev. July 26, 2016). Thus, service in the UAE must be made pursuant to Rule 4(f)(2). Kohler properly served Bold pursuant to Rule 4(f)(2)(A) "by a method that is reasonably calculated to give notice . . . as prescribed by the [UAE's] law for service in that country in an action in its courts of general jurisdiction."

Personal service in actions in the UAE is governed by that country's Federal Law No. (11) of 1992 for Civil Procedures, as amended by Federal Law No. (30) of 2005 dated 30/11/2005 and Federal Law No. (10) of 2014 dated 20/11/2014 (the "UAE CP Code"). *See Henning*, 2016 U.S. Dist. LEXIS 97425, at *11. The articles of the UAE CP Code relevant to service are attached as Exhibit C to the declaration of Hassan Masri, Kohler's process server in the UAE. The primary articles relevant to service here are Articles (5) (who may serve), (7)

2

(notice contents) & (9) (method of service).  Kohler has complied with the relevant articles of the UAE CP Code sufficient to satisfy Rule 4.

Person Who May Serve – Article (5)

Article (5) of the UAE CP Code allows notice of suit to "be served upon a party's request . . . by the process server . . . ."  As set forth in the accompanying declaration of Mr. Masri, notice of the suit was served by Kohler's process server, Mr. Masri of Process Service Network, LLC.  Mr. Masri has acted as a process server in the UAE for over seven years.  Thus, notice of suit was served by a person authorized to serve papers under the UAE CP Code.

Some older cases have noted that Article (5) of the UAE CP Code "requires service by a court bailiff or private company appointed by the UAE Ministry of Justice."  *Orsi v. Sheik Falah Bin Zayed Bin Sultan Al-Nahyan*, 2012 U.S. Dist. LEXIS 136798, at *9 (D. Mass. Sept. 25, 2012) (citing *Smallwood v. Allied Pickfords, LLC*, 2009 U.S. Dist. LEXIS 91141, at *38 (S.D. Cal. Sept. 29, 2009)).  *See also Bassam Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, 2009 U.S. Dist. LEXIS 49661, at *21 (S.D. Tex. June 12, 2009).  However, these cases were decided before the UAE CP Code was amended in 2014.  The current UAE CP Code does not appear to contain any requirement that a process server be appointed by the UAE Ministry of Justice.  Nor did the court in *Associations v. Associa Menasa*, 2017 U.S. Dist. LEXIS 219538 (N.D. Tex. June 9, 2017)—cited by this Court in the OSC—hold that the current UAE CP Code requires the process server to be appointed.  That court merely pointed out the prior cases and asked the plaintiff to clarify its position in light of the amendments to the UAE CP Code and the plaintiff's citation to the old law.  *Id.*, at *2-3.

Method of Service – Article (9)

Article (9) of the UAE CP Code permits the following method of service on corporations: "As for private companies . . . the copy shall be delivered at their head office, to their legal representative or whoever acts in his stead.  If they are not present, the copy shall be delivered to one of their office's employees."  As set forth in Mr. Masri's declaration, Kohler's UAE process server took copies of the Notification (defined below), summons and complaint to Bold's corporate offices in Dubai at Office No. TC2, Blue Sade Building, Jebel Ali Free Zone (South), Dubai, United Arab Emirates, on August 24, 2017.  The process server inquired if there was an officer or manager of Bold authorized to accept service.  Bold's employee, A.J. Bader, responded that he was the person in charge of Bold's business at the Dubai offices.  Other employees of Bold also identified Mr. Bader as the employee in charge of the office.  The process server handed a copy of the completed Notification, summons and complaint to Mr. Bader.  Thus, the method of service was proper under the UAE CP Code.[1]

Notification Document – Article (7)

Article (7) of the UAE CP Code requires that the recipient of service be served with a notification document (similar to a summons) that lists the following: the date and time of notification of the action; the name, title, occupation, and home and business address of the person requesting notification, as well as the same information for any person who represents him; the name, title, occupation, and home address of the person to be notified; the name and position of the person delivering the notice, along with the entity to which he belongs and his

---

[1] Although Mr. Masri's original affidavit of service (Dkt.#8) referenced only service of the summons due to the limitations of the form, Mr. Masri indeed did serve the summons and complaint, along with the Notification discussed below, as confirmed by his declaration submitted herewith.

31304/000/2423495

signature; the subject matter of the notification; and the name, title, and signature, seal, or fingerprint of the person receiving the notification (the "Notification").

The Notification in this case is attached as Exhibit B to Mr. Masri's declaration. This Notification was served with the summons and complaint in the action, which together meet all the requirements of Article (7) save for two immaterial omissions. The Notification lacks Bold's signature (since Bold's employee refused to sign the Notification) and the process server's signature (although the process server did sign a proof of service). However, such trivial omissions do not defeat proper service. In *Henning*, the defendant moved to dismiss for improper service under the UAE CP Code, claiming that the Notification in that case did not contain all the information required by Article (7), including (as here) the signature of the recipient and the process server. 2016 U.S. Dist. LEXIS 97425, at *9. Rejecting the defendant's arguments, the court held:

> It is certainly true that the summons did not comply perfectly with UAE law—for example, it did not list Arya's title or occupation and apparently did not include the process server's signature or any information as to the process server's position or 'authority he belongs to.' Similarly, Henning has not shown that the process server obtained the signature, seal, or fingerprint of Arya or his sister. However, under these circumstances, the Court nonetheless finds that the primary purposes of Article 7—providing adequate notice and avoiding prejudice to the defendant—were not impaired by these minor defects. The delivery of the summons and complaint contained the essential information required to identify the party to be served and provide notice to him of the nature of the suit and the time within which he was required to respond . . . . the Court finds that Henning served Arya 'by a method that is reasonably calculated to give notice as prescribed by [UAE] law for service' in satisfaction of Rule 4(f).

*Id.*, at *13-14. Similarly here, these minor deficiencies—one of which was caused by Bold's own failure to sign the Notification when requested by Bold's process server—should not render service deficient. *See also Time Prods. v. J. Tiras Classic Handbags*, 1994 U.S. Dist. LEXIS 9483, at *10 (S.D.N.Y. July 13, 1994) ("Courts liberally construe the process requirements under

5

Rule 4(b). As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless").

Finally, that some information, such as Kohler's name, appears in the summons and complaint (as opposed to the separate Notification) does not render service invalid. *See Henning*, 2016 U.S. Dist. LEXIS 97425, at *13 ("Article 7 . . . does not specify that the notification document must take any particular form. Under these circumstances, the Court finds that the summons was capable of serving as a notification document that could fulfill the requirements of Article 7").

As an extra measure, on March 30, 2018, after briefing on the motion for default judgment was complete, Kohler's UAE process server personally served on Bold copies of all filed documents in the instant matter (as of February 28, 2018).  As set forth in Mr. Masri's declaration, Kohler's UAE process server personally served these documents on Mr. Bader at Bold's Dubai offices noted above.

Based on the foregoing, Kohler properly served Bold pursuant to Rule 4(f)(2)(A) "by a method that is reasonably calculated to give notice . . . as prescribed by the [UAE's] law for service in that country in an action in its courts of general jurisdiction."

## II.  **Bold Was Properly Served in this District**

Service within the United States of the summons and complaint on a corporation is governed by Rule 4(h)(1):

> Unless federal law provides otherwise . . .  a . . . foreign corporation . . . must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

6

31304/000/2423495

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent ….

Rule 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," namely New York State. CPLR 311(a)(1) provides that "Personal service upon a corporation . . . shall be made by delivering the summons . . . upon any . . . foreign corporation, to an officer, director, managing or general agent . . . ." Kohler has satisfied service under Rule 4(h)(1)(A) & 4(h)(1)(B) by personally serving a copy of the summons and complaint on Bold's "general or managing agent" in this District under New York state and federal law.

### A.       Bold Was Properly Served under Rule 4(h)(1)(A)

The term "managing or general agent" in CPLR 311(a)(1) is interpreted "liberally" under New York law. *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 271 (1980). "The trend has been to enlarge rather than diminish the list of those who may accept process on behalf of the corporation." *Id*. *See also Conroy v. Int'l Terminal Operating Co.*, 87 A.D.2d 858, 859 (2d Dep't 1982) ("CPLR 311 dealing with service on corporations should be liberally construed").

When a company has not registered as a domestic or foreign corporation or designated an agent for service of process in New York state, "the process server cannot be expected to know the corporation's internal practices. Reliance may be based on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained." *Fashion Page*, 50 N.Y.2d at 272. Thus, in *Fashion Page*, the Court of Appeals established the "rule of reasonableness" test and upheld a determination of proper service where the process server was directed by a receptionist to the vice-president's secretary, who represented she was authorized to accept service on behalf of the corporation. *Id*. at 273-74.

31304/000/2423495

Similarly in *Colbert v. Int'l Sec. Bureau, Inc.*, 49 N.Y.2d 988, 989 (1980), the Court of Appeals held that a the employee in charge of the defendant's New York sales office was a proper party for service on the corporation despite her lack of title. In *Hessel v. Goldman, Sachs & Co.*, 281 A.D.2d 247, 248 (1st Dep't 2001), the court upheld service of a foreign corporation where a legal secretary at a domestic affiliate represented to the process server that she was authorized to accept service thereof. And in *Matter of DeMeo v. City of Albany*, 63 A.D.3d 1272, 1273 (3d Dep't 2009), service was deemed proper on the employee identified as the "person in charge."

Moreover, under the rule of reasonableness, technical deficiencies in service may be overlooked when the summons and complaint are actually delivered to the proper corporate official. Thus, in *Nat'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, 812 F. Supp. 2d 505, 510 (S.D.N.Y. 2011), the court found service proper under CPLR 311(a)(1) where the process server reasonably believed that the recipient had authorization to accept service on behalf of the defendant and the defendant subsequently received an original summons and complaint. *See also Dallas v. Roosevelt Union Free School Dist.*, 644 F. Supp. 2d 287, 292 (E.D.N.Y. 2009) ("when a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service") (citation omitted).

Here, the rule of reasonableness dictates that service of process was properly effectuated on Bold by serving a copy of the summons and complaint on Ajith Tilakasiri KV Don John ("Mr. John"), Bold's sole United States employee and the principal of Bold's sole United States distributor.

As set forth in the accompanying declaration of Kohler's investigator, Graham Robinson of Bishop IP Investigations, in early 2017, prior to the time the instant suit was filed, Kohler's investigator contacted Mr. John via telephone. Mr. John represented that he was an employee of

Bold and also the principal and person in charge of defendant Rocell Bath Limited ("Rocell"). Mr. John also represented that Rocell was Bold's sole distributor of bath products in the United States. During prior conversations with Bold, Bold similarly had represented that it had only one United States distributor—in New York. Bold also represented that it had a "storage facility" in New York from which it shipped product in the United States. Mr. John similarly represented that had an inventory of foot washers in storage in New York, referring to Bold's inventory in the storage facility. Mr. John also represented he had authority to take orders for all Bold products, including products other than those in inventory, and that he had attended trade shows on behalf of Bold in the United States, collectively referring to himself and Bold as the same "we." Rocell's website, active at that time, offered only Bold's products for sale. Mr. John also responded to the investigator's direct communications with Bold through Bold's website "contact us" form.

As set forth in the accompany affidavit of service by Amr Almaktari, Kohler's United States process server, on August 11, 2017, Mr. Almaktari personally visited Mr. John at 149-17 85th Drive, Briarwood, NY (the address listed for Rocell), told Mr. John he had legal papers to serve on Bold and asked Mr. John is he was authorized to accept service of the documents on behalf of Bold.[2] Mr. John confirmed he as authorized to accept service of process for Bold and that 149-17 85th Drive, Briarwood, NY were Bold's offices.

Based on Mr. John's representations to the investigator and the process server and Bold's representations to the investigator, the rule of reasonableness dictates that service on Bold via service on Mr. John was proper. Mr. John was an employee of Bold (the sole employee in the United States), the sole distributor of Bold bath products in the United States, had control over

---

[2] Mr. John only gave his first name "Ajith" to the process server. Mr. John was erroneously listed as "Azid" in Kohler's original certificate of service on Bold (Dkt.#7).

Bold's stored inventory in New York, expressed authority to handle Bold's affairs in the United States and represented that he had authority to accept service on behalf of Bold. The process server had no reason to doubt that Mr. John indeed had such authority, especially since Bold has no other employees or distributors in the United States.

Moreover, as noted above, Bold received a copy of the summons and complaint via personal service in the UAE. As set forth in the accompany declaration of Ryan A. Ghiselli, Esq., counsel for Kohler, Kohler also sent a request for waiver of service with a copy of the complaint to Bold's attorney of record listed the United States Patent and Trademark office, who represents Bold in connection with its federal trademark application at issue in this action. Kohler also sent that attorney copies of all papers listed on the docket for this case, including copies of the default judgment motion papers. Thus, Bold clearly was on notice of the instant suit and the motion for default.

Based on the foregoing, service of Bold on Mr. John satisfies CPLR 311(a)(1) and thus Rules 4(e)(1) & 4(h)(1).

### B.   Bold Was Properly Served under Rule 4(h)(1)(B)

Rule 4 is "construed liberally to further the purposes of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co., Inc.*, 807 F. 2d 309, 311 (2d Cir. 1986). Similar to CPLR 311(a)(1), Rule 4(h)(1)(B) permits service on a foreign corporation via a "managing or general agent." For the reasons set forth above concerning service under CPLR 311, Mr. John should be deemed a "managing or general agent" of Bold for purposes of service of process. *See Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) (CPLR 311 and Rule 4(h)(1)(B) should be construed "*in pari materia*").

31304/000/2423495

**III.    Conclusion**

Based on the foregoing, defendant Bold was properly served both within and without a judicial district of the United States under Rule 4(h).  To the extent the Court deems service deficient, Kohler respectfully request leave to correct such deficiencies, including through other methods of service permitted under Rule 4.[3]

Dated: New York, New York
        April 6, 2018

Respectfully submitted,

s/ Eric J. Shimanoff
Eric J. Shimanoff
Midge M. Hyman
Ryan Ghiselli
**COWAN, LIEBOWITZ & LATMAN, P.C.**
114 West 47th Street
New York, New York 10036
Telephone: (212) 790-9200
Facsimile: (212) 575-0671
ejs@cll.com
mmh@cll.com
ryg@cll.com

Christopher B. Lay (Admitted *Pro Hac Vice*)
Angela S. Kalsi (*Pro Hac Vice* Forthcoming)
**IPHORGAN LTD**
195 Arlington Heights Rd., Suite #125
Buffalo Grove, Illinois 60089-1768
Telephone: (847) 808-5500
Facsimile: (847) 808-7238
clay@iphorgan.net
akalsi@iphorgan.com

*Attorneys for Plaintiff Kohler Co.*

---

[3] Pursuant to the Court's OSC, Kohler also will personally serve copies of the OSC and Kohler's papers in response thereto on Bold in the UAE and on Mr. John in this District, and file affidavits of service thereafter.

11

31304/000/2423495